UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL CASE NO. |
| | : | 3:19-CR-319(JCH) |
| v. | : | |
| | : | |
| TERRENCE BEDDOE | : | |
|     Defendant. | : | FEBRUARY 19, 2025 |

**RULING ON MOTIONS FOR SENTENCE REDUCTION (DOC. NOS. 115 & 126)**

**I.    INTRODUCTION**

Pending before this court is defendant Terrence Beddoe's ("Mr. Beddoe") Motion for Sentence Reduction filed by counsel. See Motion for Sentence Reduction ("Def.'s Mot.") (Doc. No. 126). Also filed is counsel's Sealed Memorandum in Support of Motion for Sentence Reduction ("Mem. In Supp.") (Doc. No. 125), and Motion for Sentence Reduction filed by Mr. Beddoe, pro se (Doc. No. 115). Mr. Beddoe seeks a reduction in his sentence on the grounds of his parental family circumstances, and his rehabilitation while in the custody of the Bureau of Prisons ("BOP"), all under 18 U.S.C. § 3582(c)(1)(A). The government opposes the Motion. See Memorandum in Opposition ("Mem. in Opp.") (Doc. No. 131). Counsel for Mr. Beddoe also filed a Supplemental Statement ("Supp. Stmt.") (Doc. No. 129), and a Reply ("Reply") (Doc. No. 133).

For the reasons stated below, the Motions are denied.

**II.   BACKGROUND**

In December 2021, Mr. Beddoe pled guilty to one count of unlawful possession of ammunition by a felon in violation of U.S.C. §§ 922(g)(l) and 924(a)(2). See Plea Agreement (Doc. No. 86).

1

In April of 2022, this court sentenced Mr. Beddoe to a 48-month term of imprisonment. See Judgment (Doc. No. 110). The sentence imposed by the court was below the sentencing guideline range based upon Mr. Beddoe's family circumstances and rehabilitation efforts.

### III.   LEGAL STANDARD

Under section 3582(c)(1)(A) of title 18 of the United States Code, as modified by the First Step Act of 2018, an incarcerated defendant may move for compassionate release. See 18 U.S.C. § 3582(c)(1)(A). Pursuant to section 3582(c)(1)(A)(i), a court may not modify a term of imprisonment "once it has been imposed" except in a case where, after exhaustion of administrative remedies, the court considers the applicable section 3553(a) factors and finds that "extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i). Effective November 1, 2023, section 1B1.13 of the Sentencing Guidelines now applies to motions for "compassionate release" filed by individual defendants under section 3582, see Guidelines Manual § 1B1.13 (2023), and it now includes, inter alia, an expanded list of specified extraordinary and compelling reasons, see id.

### IV.   DISCUSSION

A court may reduce a previously imposed term of imprisonment where an incarcerated individual (1) has exhausted his or her administrative remedies; (2) has shown extraordinary and compelling circumstances justifying the reduction; and (3) has demonstrated that the relevant factors, enumerated under section 3553(a) of title 18 of the United States Code, also warrant reduction. See United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021). The court addresses these requirements in turn.

A.     Exhaustion of Administrative Remedies

An inmate may move for a sentence reduction only "after the [inmate] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [inmate]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [inmate]'s facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).   In his Supplemental Statement of Jurisdiction, Mr. Beddoe provides a copy of his request for compassionate release to the BOP dated 12/26//2023, and a copy of the BOP's denial dated 1/17/2024.  Suppl. Stmt. (Doc. 129-1).  The court concludes that Mr. Beddoe has exhausted his administrative remedies.

B.     Extraordinary and Compelling Circumstances

When Mr. Beddoe was sentenced in April of 2022, the court was aware of the difficult family circumstances he faced, and his rehabilitation efforts while on pretrial release.  The court imposed a term of imprisonment that was below the guideline range found at sentencing.  Mr. Beddoe committed a very serious offense. The sentence imposed reflected just punishment for his offense balanced with Mr. Beddoe's family circumstances and his parental responsibilities.  As such, the court does not find this circumstance to be extraordinary and compelling when it already took such matters into consideration.

Mr. Beddoe has participated in and completed numerous educational and training programs while in BOP custody.  Mem. In Supp. (Doc. No. 125) at 6-8.  Indeed, the court applauds his efforts.   While the court is impressed with Mr. Beddoe's record, it cannot be the sole basis for release under the First Step Act.  28 U.S.C. § 994(t).

C.  Section 3553(a) Factors

Even if the court were to find extraordinary circumstances, it would still decline to grant compassionate release because of the 3553(a) factors that the court must consider under the compassionate release statute.  See 18 U.S.C. § 3582(c)(1)(A)(i); 18 U.S.C. § 3553(a).  The court reaches that conclusion having reviewed all of the filings, as well as the material before the court at the time of sentencing.

Mr. Beddoe committed a very serious offense.  Furthermore, given Mr. Beddoe has an extensive criminal history, the court accords great weight to an additional 3553(a) factor: the need to protect the public from further crimes of the defendant.  See 18 U.S.C. § 3553(a)(2)(C).  Reducing Mr. Beddoe's sentence would therefore be irreconcilable with the serious nature of his offense and the need to provide just punishment for his conduct.  See 18 U.S.C. § 3553(a).

**V.    CONCLUSION**

For the reasons stated herein, Mr. Beddoe's Motions for Sentence Reduction (Doc. Nos. 115 & 126) are denied.   Motions to Seal (Doc. Nos. 124 & 132) are granted.

Mr. Beddoe's term of imprisonment ends in September 2025, however, he is expected to be released by the BOP to home-detention in March 2025.   Reply at 1.  The court hopes that will be the outcome for Mr. Beddoe, and it wishes him and his family the best as he re-integrates into the community.

**SO ORDERED.**

Dated at New Haven, Connecticut this 19th day of February 2025.

　　　　　　　　　　　　　　　　　　　/s/ Janet C. Hall　　　　　　　
　　　　　　　　　　　　　　　　　　Janet C. Hall
　　　　　　　　　　　　　　　　　　United States District Judge